**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**CHAIRAYLE A. SCOTT**                                                     **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:07CV-349-H**

**PHILLIP'S AUTO CRUSHING**                                        **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Chairayle A. Scott, a resident of Louisville, Kentucky, filed a *pro se* complaint against Phillip's Auto Crushing, located in Livermore, Kentucky. Plaintiff alleges that Defendant negligently entrusted a front-end loader to Kenneth Bolton of Double L. Salvage Yard and that Kenneth Bolton "negligently, deliberately hit and began running over [Plaintiff's] 1992 Buick LaSabre on Feb[r]uary 8, 2005." As relief, she seeks restitution of an unspecified amount.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue," *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998), because without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

As grounds for filing this case in federal court, Plaintiff writes, "Negligent Entrustment." Although Plaintiff asserts a state cause of action, she cannot invoke the subject matter jurisdiction of this Court under the diversity statute, *see* 28 U.S.C. § 1332, because both she and Defendant are

located in Kentucky and are not diverse in citizenship and because she has failed to demonstrate that she meets the amount-in-controversy requirement. Plaintiff additionally fails to establish federal question jurisdiction under 28 U.S.C. § 1331 as she fails to specify any federal statute or federal constitutional provision upon which jurisdiction is based.

As Plaintiff has failed to establish the subject matter jurisdiction of this Court, the action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
4412.005